CAROLINE E. LEONARD et al. *v.* JOHN T. CAMERON, Admr., &c.

1. EXECUTOR AND ADMINISTRATOR: WHEN PERSONAL REPRESENTATIVE OF DECEASED ADMINISTRATOR THE PROPER PARTY AGAINST WHOM TO REVIVE.—In a proceeding against an administrator to hold him accountable for maladministration, in case he die pending the litigation, his administrator, and not the administrator *de bonis non* of his intestate, is the proper party against whom to revive.

2. SAME: HIGH COURT: HOW LEGALITY OF APPOINTMENT OF ADMINISTRATOR TO BE QUESTIONED HERE.—This court will not notice a suggestion that the administrator against whom a suit has been revived in this court, was irregularly or illegally appointed. The question of the legality of the appointment can only be raised in this court by appeal or writ of error from the judgment of the court making the appointment.

3. PROBATE COURT: PLEADING: PETITION TO SET ASIDE SALE MUST SPECIFY ITS ILLEGALITY.—A petition to set aside sales of realty and personalty made under the order of the Probate Court, should set out in what respect

the sales were invalid; a general charge that they were fraudulent and without authority of law will not do.

4. SAME: SAME: IF PETITION GOOD IN PART, DEMURRER TO THE WHOLE MUST BE OVERRULED.—Where a petition in the Court of Probates is good in respect to part of the relief sought, but bad as to the remainder, a demurrer to the whole petition should be overruled.

APPEAL from the Court of Probates of Madison county. Hon. J. H. Postell, judge.

The petition in this case was filed by the children and heirs of John H. Dalton, deceased, against James Dalton, administrator of said John H. Dalton.

The petition alleges the heirship of petitioners, the grant of letters of administration on their father's estate to James Dalton, the defendant, and his return of an inventory and additional inventory of the estate, and charges, that in October, 1850, the day after the return of the inventory, the said James Dalton, "in fraud of said estate, procured an order from the Probate Court to sell the said personal estate, without any necessity and without any debts to pay or showing of debts of said deceased."

It is further charged that said James Dalton, on the 14th February, 1852, "fraudulently procured an order of the Probate Court to sell the real estate of said deceased, without any necessity and without any showing that petitioners can find of the personal estate or of any amount of the debts of the deceased; and, further, that said order to sell the realty was made in other respects without proper notice and without the proper legal steps required by law."

It is further charged that James Dalton had presented and caused to be passed two partial accounts of his administration, both of which they charge to be false and fraudulent in this, that every item of credit to the administrator in each account is false and fraudulent and without foundation; or, if said claims ever existed, there is no evidence of their being legal and just.

That said James Dalton having removed to Louisiana in November, 1856, on application of a creditor of the estate his letters were revoked. That in May, 1857, said James Dalton petitioned the court to be reinstated as administrator, and offered in his

petition to make a final account by the succeeding July term. That no action was ever had on his petition, and that he never filed his final account.

The petition made every paper on file in the administration of James Dalton and every order and decree in the court, from the grant of letters of administration to the filing of the petition, exhibits.

The prayer is, that said James Dalton be compelled to pay the value of all the personal estate, as stated in his inventory, with interest, and that the sale of the land be set aside, and if that cannot be done then that Dalton be compelled to pay to them what he received for it; and for a final settlement and distribution.

James Dalton appeared and demurred to the petition, and his demurrer was sustained and the petition dismissed; whereupon the petitioners appealed.

After the appeal was taken, James Dalton, being then a resident of the State of Louisiana, died intestate, and the appellants moved the court for leave to make John H. Cheatham, the administrator of John H. Dalton, a party; also, to make Amy Dalton, widow of James Dalton, and natural tutrix of his children, a party, by publication, she residing in Louisiana; it being suggested that no *curator* had been appointed to take charge of the estate of James Dalton, deceased. This motion was overruled by the court. The appellants then caused John T. Cameron, administrator of James Dalton, appointed by the Probate Court of Madison county in this State, to be cited and made a party, and the suit was rendered against him.

*F. Smith*, for appellants.

*Nye* and *Hill*, for appellees.

HARRIS, J., delivered the opinion of the court:

The appellants filed their petition in the Probate Court against James Dalton, administrator of John H. Dalton, deceased, to set aside the sale of the real and personal estate of the decedent, made under an order of the Probate Court, to review the proceedings had in the course of administration, or, in the event that this

could not be done, for final settlement; praying that they might be allowed to surcharge and falsify the annual accounts on the final account.

To this petition a demurrer was filed by James Dalton, administrator of John H. Dalton, which was sustained by the court, and this appeal taken. James Dalton died pending the appeal, and the case is now revived in this court against John T. Cameron, administrator of James Dalton, deceased.

James Dalton had been removed from the administration on the estate of John H. Dalton, deceased, before the filing of this petition, and an administrator *de bonis non* appointed on this estate; and after this appeal was taken, James Dalton died, a resident citizen of Louisiana, without having settled his account with the Probate Court.

It will be unnecessary to notice the proceedings heretofore had in this court in relation to the propriety of making the administrator *de bonis non* on the estate of John H. Dalton, deceased, a party to this suit, or in relation to the effort to make Mrs. Dalton, the wife of James Dalton, residing in the State of Louisiana, a party as tutrix. These questions have been heretofore disposed of. The case is now revived in this court in the name of the proper party, John T. Cameron, as the administrator of James Dalton, deceased, so far as we can know from this record.

It is *suggested* in the brief of counsel for the appellee that this appointment was irregularly made; that James Dalton had no estate in the State of Mississippi, and was a resident of Louisiana, when and where he died, and that the Probate Court had no jurisdiction to grant letters of administration on his estate. Upon this subject we are wholly uninformed by this record. The proceedings in the Probate Court making the appointment are not before us. No appeal or writ of error has been prosecuted to revise that judgment, and we cannot therefore notice this suggestion.

The only point for our determination now is, whether the court erred in sustaining the demurrer to appellant's petition.

The petition seeks to set aside the sale of the real and personal estate made by order of the Probate Court, without making the purchasers parties, and without stating the special grounds of

fraud or illegality relied on. It is filed as a sort of bill of review, generally, to correct the errors of the whole administration, and also for a final settlement of the administration of James Dalton up to the time of his removal, and is certainly very irregular.

Treating the case technically, according to the rules of chancery proceeding even, which are never applied in strictness to the informal proceedings in the Probate Court under our system, and still this demurrer should not have been sustained. It was a demurrer to the *whole petition,* which was good as a petition for a final settlement, and it should therefore have been overruled so far as to allow the proceeding to progress for a final settlement and distribution of the amount due to the appellants from James Dalton.

The demurrer was well taken to *that part* of the petition referring to the sale of the real and personal estate, but being a demurrer to the *whole* petition, which was good in the part seeking a final settlement, the demurrer should have been overruled.

Let the judgment and decree of the court below be reversed, demurrer overruled so far as it relates to the petition for final settlement, and cause remanded for further proceedings.